## Commonwealth v. Lewis

*William L. Showers*, district attorney, and *Miller Alanson Johnson*, for Commonwealth.

*Cloyd Steininger*, for defendant.

LESHER, P. J., March 18, 1935.—The above-named defendant, H. C. Lewis, was indicted and tried before the Court of Quarter Sessions of Union County,

on a charge of giving to the West Milton State Bank a check without sufficient funds in the bank to meet it, with intent to defraud the said bank.

Prior to giving the check in question the defendant had deposited in the bank a check drawn to his order. The proceeds of this check were credited to his account, and were immediately checked out by him. This check was returned to the bank, and payment refused for want of funds. The bank immediately notified the defendant to make this check good.

The defendant called upon B. F. Specht, the cashier of the bank, and was persuaded to give the bank his own check. This check was drawn to the order of cash, on the Union National Bank, of Lewisburg, Pa. This check was returned unpaid for want of sufficient funds, and this is the check upon which the defendant was arrested.

Defendant contended at the time of trial that he had advised the cashier of the West Milton Bank at the time he gave it the check in question that he did not have the money in the bank to meet this check, but that the cashier insisted that he give the check nevertheless, and that he should endeavor to make it good. The cashier of the bank, however, denied that the defendant made any such statement at the time of giving the check, and testified that nothing was said as to payment.

Counsel at the time of the trial at the close of the case requested a directed verdict of acquittal, on the grounds that the evidence failed to show any intent to defraud at the time of giving the check. This motion was refused, and the court left the matter to the jury, with instruction, inter alia, that if they found that the defendant had stated to the cashier of the West Milton State Bank, at the time of giving the check in question that he did not have the money in bank to meet same, then he was not guilty of an attempt to defraud the bank, and, therefore, they should find him not guilty. The jury found the defendant guilty. This instruction is in accord with Commonwealth v. Massaro, 97 Pa. Superior Ct. 149.

The defendant filed a motion in arrest of judgment and for a new trial and in support of his said motion, set forth, inter alia, that the court erred in not instructing the jury that no conviction could be had under the testimony, that the debt for which the check in question had been given was a week or more old. Did the court err in refusing to direct a verdict of acquittal?

The Act of April 18, 1919, P. L. 70, under which defendant was indicted and tried provides that any person who with intent to defraud, gives a check to another, without sufficient funds in bank to meet same, is guilty of a crime.

Taking the case in the light of the testimony of the cashier of the bank, which admits that this check was given to take care of an overdraft on the part of the defendant, which had existed for a week or more, and which had been caused by a check drawn to the order of the defendant, and deposited by him, and for which amount his deposit had been credited, being returned for lack of funds, but which denies that the defendant had advised him that he did not have sufficient funds in the bank to meet his check, the court can not see that there was any intent to defraud the bank at the time of giving this check. Defendant's account had been overdrawn, due to no fault of his. This overdraft had existed for over a week. The bank did not extend any additional credit to the defendant by reason of his giving this check. It amounted to a promise to pay an indebtedness which already existed. The court feels that it was error to submit to the jury the question as to whether, under the circumstances, the check in question had been given with intent to defraud the West Milton Bank, and the verdict of guilty must be set aside, and the defendant discharged.

And now, March 18, 1935, the verdict of the jury finding the defendant, H. C. Lewis, guilty, is set aside, and the defendant is discharged. Costs to be paid by the County of Union.

An exception is allowed the Commonwealth of Pennsylvania, and a bill is sealed.